Approved: _____
MICAH F. FERGENSON
Assistant United States Attorney

**20 MAG 12618**

Before:   THE HONORABLE KEVIN N. FOX
          Chief United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - x
                                      :   **SEALED COMPLAINT**
                                      :
 UNITED STATES OF AMERICA             :   Violations of
                                      :   18 U.S.C. §§ 2251(a)
        - v. -                        :   and (e), 2252A(a)(2)(B)
                                      :   and (b)(1),
 JACOB TURNER,                        :   2252A(a)(5)(B) and
                                      :   (b)(2), and 2
                    Defendant.        :
                                      :   COUNTY OF OFFENSE:
                                      :   NEW YORK
                                      :
- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

AARON SPIVACK, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**

(Production of Child Pornography)

1. On or about June 26, 2019, in the Southern District of New York and elsewhere, JACOB TURNER, the defendant, knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce and mailed, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit,

TURNER used, persuaded, induced, enticed, and coerced a minor over the Internet to engage in sexually explicit conduct for the purpose of producing photographs of such conduct.

(Title 18, United States Code, Sections 2251(a), (e), and 2.)

## COUNT TWO

(Receipt and Distribution of Child Pornography)

2.   From approximately in or about 2010 up to and including in or about 2019, in the Southern District of New York and elsewhere, JACOB TURNER, the defendant, knowingly did receive and attempt to receive material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, TURNER received and distributed in residences in New York, New York, over the Internet, images of child pornography.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1), and 2.)

## COUNT THREE

(Possession of Child Pornography)

3.   From approximately in or about 2010 up to and including in or about 2019, in the Southern District of New York and elsewhere, JACOB TURNER, the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, TURNER possessed in residences in New York, New York, images of child pornography.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.)

4.   The bases for my knowledge and for the foregoing charge are, in part, described in the following paragraphs.

5.      I am a Special Agent with the FBI and am currently assigned to a squad charged with enforcing federal laws prohibiting child pornography and other forms of child exploitation.  I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents and other individuals, as well as my examination of reports and other records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported in this complaint, they are reported in substance and in part, except where otherwise indicated.

6.      As set forth below, there is probable cause to believe that JACOB TURNER, the defendant, using a messaging platform, and while falsely representing that he was himself a minor, convinced minor females to send him images of themselves engaging in sexually explicit conduct, and that TURNER received and possessed child pornography in New York, New York.

7.      Based on my conversations with other law enforcement agents and employees, my review of reports and records created in the course of this investigation, my review of records and communications obtained from the victim and from third parties, and my interviews of JACOB TURNER, the defendant, I have learned, among other things, the following, in substance and in part:

   a.    Between on or about May 6, 2019, and on or about May 15, 2019, an undercover law enforcement officer communicated through a peer-to-peer messaging platform ("Platform-1") with an individual using the profile name "ricktoasty," and later identified as JACOB TURNER, the defendant.  TURNER, as "ricktoasty," sent the undercover videos depicting nude prepubescent age girls in sexually explicit positions with close up views of their anuses and vaginas.  TURNER, as "ricktoasty," also claimed to have been sexually exploiting a 14-year-old girl on another messaging platform ("Platform-2") and claimed to be communicating with other individuals who were sexually abusing children.

   b.    The IP addresses associated with the "ricktoasty" account returned to an apartment in Manhattan ("Apartment-1") where TURNER's parents reside, and a gymnasium near the apartment (the "Gym"), also in Manhattan, where TURNER was employed.  As a result, and for the additional reasons given

3

below, there is probable cause to believe that TURNER distributed and thereby also possessed child pornography while at Apartment-1 and the Gym, which are in the Southern District of New York.

        c.   On or about January 14, 2020, FBI agents attempted a "knock and talk" at Apartment-1. TURNER was not at Apartment-1. The agents spoke with TURNER's mother, who advised them that he had recently moved out of Apartment-1. The agents left contact information for TURNER to call.

        d.   On or about January 15, 2020, I spoke with TURNER by telephone and agreed to meet at TURNER's apartment ("Apartment-2") the following day. Apartment-2 is also in Manahttan.

        e.   On or about January 16, 2020, I interviewed TURNER at Apartment-2. TURNER was advised that the real reason the FBI sought to speak with him related to child pornography and whether TURNER had sexually abused any children. TURNER stated that he has never engaged a child in sexual conduct, but admitted the following:

           i.   TURNER has been trading child pornography since he was 15 years old, that is, for approximately a decade. TURNER traded child pornography every few days, usually in the mornings. TURNER used at least four different platforms to do so. One of the accounts Turner used was "harrby6144" on Platform-2.

           ii.   After hearing from his parents that the FBI wished to speak with him, TURNER deleted all of the accounts from his phone containing child pornography.

           iii.   TURNER estimated that he trades child pornography every few days. TURNER's interest is mostly in children age 13 and older, but he has traded and viewed child pornography of younger victims, including prepubescent and toddler victims.

           iv.   Over the approximately ten years of child pornography-related activity, TURNER has engaged approximately 100 minors in sexually explicit conversations and has requested approximately 100 minors to produce child pornography for him. He had done so as recently as two weeks prior to the interview.

           v.   On occasion, TURNER has coerced victims to send additional child pornography through threats, such as "if

4

you don't send more I'm going to send what I have to other people."

        vi.    When shown the chats and images that "ricktoasty" sent to the undercover on Platform-1, TURNER stated that the chats were his and that he believed he recognized the child pornography files.

    f.    On or about January 30, 2020, I again interviewed TURNER. The interview occurred at the New York FBI office and was recorded. TURNER confirmed the accuracy of the summary of the January 16, 2020 meeting, but corrected one of the minors' name and city of residence. TURNER was shown his account "harryb6144" on Platform-2. TURNER stated that he would share child pornography files between his "harryb6144" account and his other Platform-2 account, "rtoast92."

    g.    I have reviewed records from Platform-2 pertaining to TURNER's accounts "harryb6144" and "rtoast92."

        i.    In numerous chat threads with other users who identify themselves as minors and appear to be minors based on photographs or videos sent depicting the user, TURNER, who was born in 1994, falsely represents that he himself is a minor and convinces, or attempts to convince, the minors to produce and transmit images of the minors engaging in sexually explicit conduct.

        ii.    For example, in at least on or about June and July 2019, TURNER engaged in a chat thread with a user who identified herself as a thirteen year-old ("Victim-1"), as shown in the following excerpt from on or about June 8, 2019:

        Victim-1:    u tell me how old u r first bc i asked the question first

        TURNER:    15

        Victim-1:    aight im 13

        \*    \*    \*

        Victim-1:    just making sure because there are some creeps that rely on peoples ages

        iii.    Subsequently, on or about June 26, 2019, at TURNER's request, Victim-1 took a photograph of her vagina and sent it to TURNER.

WHEREFORE, deponent respectfully requests that a warrant issue for the arrest of JACOB TURNER, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

>s/Aaron Spivack by KNF,USMJ
>AARON SPIVACK
>Special Agent
>Federal Bureau of Investigation

Sworn to me through reliable electronic means
this 20th day of November, 2020

*Kevin Nathaniel Fox*
_____
THE HONORABLE KEVIN N. FOX
Chief United States Magistrate Judge
Southern District of New York